1  DANIEL BRODERICK, Bar # 89424
   Federal Defender
2  NED SMOCK, Bar # 236238
   Assistant Federal Defender
3  801 I Street, 3rd Floor
   Sacramento, California 95814
4  Telephone: (916) 498-5700

5  Attorney for Defendant
   JASON DANIEL HOSKING
6

7                IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,      ) No. CR-S-06-048 DFL
10                                )
                  Plaintiff,      )
11                                ) SENTENCING MEMORANDUM
        v.                        )
12                                )
   JASON DANIEL HOSKING,          ) Date: August 17, 2006
13                                ) Time: 10:00 A.M.
                                  )
14                Defendant.      ) Judge: Hon. David F. Levi
   _____  )
15

16      Jason Hosking will be before this Court for judgment and
17 sentencing on August 17.  The government and the defense are
18 recommending a sentence of 24 months, which is the bottom of the
19 guideline range.  United States Probation recommends a sentence of 27
20 months.  As will be explained herein, a sentence of two years in
21 federal prison is more than sufficient to comply with the purposes set
22 forth in 18 U.S.C. § 3553.

23      Mr. Hosking is only 23 years old.  He left high school in the 11th
24 grade and he has had trouble finding satisfying full-time employment
25 and establishing himself as an adult.  His grandmother reports that he
26 seemed aimless and unmotivated.  Drinking and drug use clouded his
27 judgment and distracted him from what he should have been doing -
28 learning skills that would make him employable.  Mr. Hosking was

arrested in March of 2005 and ultimately pled guilty to a counterfeiting offense in San Joaquin County. Upon his release after serving 6 months in jail, he returned to his grandmother's home. He got a job working off and on as a tree trimmer, but he spent long periods of time at home and was using methamphetamine on a daily basis. Soon, he was creating fake bills on his computer again.

Mr. Hosking accepted responsibility for his conduct in this matter when the police searched his house. Officers located a total of less than $1,500 in counterfeit money in his house. Based upon the amount that was found in the search, there would not be any increase in offense level pursuant to U.S.S.G. 2B5.1(b)(1). There is a two level increase in offense level pursuant to U.S.S.G. 2B5.1(b)(1)(b) because Mr. Hosking admitted that he had made more money than they located. There does not appear to have been any independent reason - other than good faith on his part - for Mr. Hosking to have revealed this to authorities.

Having spent almost seven months at the Sacramento County Jail thus far, Mr. Hosking has had a great deal of time to think about the path his life has taken. Watching his mother go to prison at the same time as he is about to be sentenced has also had a profound effect on Mr. Hosking. Now 23 years old, he recognizes that this is the time for him to move his life in the right direction, instead of cycling in and out of jail. He wants to use his time in federal prison to learn skills in carpentry, heating, air conditioning, and refrigeration so that he can get a good job when he is released. He enjoys working with his hands and looks forward to doing skilled construction work.

Mr. Hosking has been researching BOP facilities in hopes of finding one with programs that will provide him the training he wants.

He is asking that the Court recommend that he serve his sentence at either FCI Sheridan, USP Lompoc, or FCI Safford, AZ. He has determined that these three facilities have vocational programs, including HVAC training, that will prepare him for seeking work upon his release.

United States Probation is recommending a sentence of 27 months largely because Mr. Hosking has the prior counterfeiting conviction and was on probation at the time of the criminal activity in this case. Both of these facts already significantly increased the sentence Mr. Hosking is facing. Were it not for the prior counterfeiting conviction, Mr. Hosking would only have three criminal history points, he would be criminal history Level II, and he would be facing a sentencing range of 15-21 months. Likewise, the fact that Mr. Hosking was on probation at the time of the conduct is reflected in the two additional criminal history points he received under U.S.S.G. 4A1.1(d). It could be argued that a Level IV score overrepresents Mr. Hosking's criminal history given that he has only one prior felony.

A two year sentence affords adequate deterrence because it is four times longer than the sentence Mr. Hosking received for his prior offense. It cannot be said that a 24 month sentence does not account for the fact that Mr. Hosking committed a similar offense in the past. To the contrary, the sentence is much longer than Mr. Hosking has ever served, sufficiently reflects the seriousness of the offense, and will deter future misconduct. The fact that Mr. Hosking is already making plans for a new, law abiding life when he is released illustrates the fact that a sentence of more than 24 months would be greater than necessary to comply with the purposes set forth in Section 3553.

Mr. Hosking will still be a young man when he is released. He is engaged in mature, thoughtful planning for his future and has rejected

1  the conduct that got him here.  All this suggests that he will succeed
2  upon release and will not see the inside of a jail cell again.  Mr.
3  Hosking thanks the Court for considering this memorandum and the letter
4  he has written.

6  Dated: August 10, 2006          Respectfully submitted,

                                   DANIEL BRODERICK
                                   Federal Defender


                                        /S/NED SMOCK
                                   NED SMOCK
                                   Assistant Federal Defender
                                   Attorney for Defendant
                                   JASON DANIEL HOSKING